**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose, Esq. (126281)
brose@kayerose.com
723 Palisades Beach Road, Suite 108
Santa Monica, California 90402
Telephone: (310) 551-6555
Facsimile: (310) 277-1220

Attorneys for Plaintiff
**Poseidon Global Shipping PTE LTD**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSEIDON GLOBAL SHIPPING PTE LTD,<br><br>Plaintiff,<br><br>v.<br><br>ARIS CHARTERING CO., LTD.,<br><br>Defendant. | Case No.: 2:21-cv-06325<br><br>**IN ADMIRALTY**<br><br>**VERIFIED COMPLAINT** |

COMES NOW, Plaintiff, Poseidon Global Shipping Pte Ltd. (hereinafter "Poseidon" or "Plaintiff"), by and through undersigned counsel, hereby files this Verified Complaint against Defendant Aris Charting Co. Ltd. (hereinafter "Aris" or "Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and is brought

1. under the provision of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims. This case is also an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure for a claim of breach of a maritime contract.

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the property belonging to the Defendant is or will be located in the Central District of California during the pendency of this action.

## THE PARTIES

3. At all times material hereto, Plaintiff Poseidon, was and still is a foreign company with a registered address in Singapore

4. Upon information and belief, at all times material hereto, Defendant Aris was and still is a foreign company with a registered address in China.

## THE FACTS

5. At all times material hereto, Poseidon was the disponent owner of the M/V VICJOUR ACE.

6. On or about January 2, 2021, Poseidon and Aris entered into a charter party agreement wherein Poseidon agreed to charter the M/V VICJOUR ACE (hereinafter "the Vessel") to Aris for a time charter period of about eleven (11) months to thirteen (13) months, +/- 15 days. Poseidon and Aris agreed that hire would be paid in the amount of "USD 8,000 pdpr" (per day pro rata). *A copy of the fixture recap is attached hereto as Exhibit 1*.

7. The time charter party agreement is a maritime contract.

8. Pursuant to Clause 20, the charter party agreement is governed by English law, and any dispute arising under the agreement shall be referred to arbitration in Hong Kong. *Id*.

///

///

Kaye, Rose & Partners LLP

9. The Vessel is currently laden with a cargo of steel/breakbulk loaded in China and destined for discharge at various South American ports. The ports rotation is Caldera – Barranquilla – Rio Hania.

10. On or about June 17, 2021, Aris, through chartering brokers, forwarded the issued bills of lading for the discharge port of Barranquilla ("Barranquilla Issued Bills").

11. On or about July 2, 2021, there was notice of a sudden river channel draft decrease at Barranquilla. Charterers requested Owners to collect the full set of Barranquilla Issued Bills and re-issue a new set of bills to show port of discharge as another port, Santa Marta, in order to arrange lightening before Barranquilla.

12. Upon review of the Barranquilla Issued Bills, Owners discovered numerous differences and discrepancies between what were originally issued as claused bills of lading and the clean Barranquilla Issued Bills that were provided to Owners.

13. Said another way, the Barranquilla Issued Bills, which were subsequently tendered for cancellation, were not the original bills of lading authorized. Upon information and belief, there is a second set of bills of lading already on the market for the same cargo.

14. Charterers have ordered the Vessel to Santa Marta and Owners have refused on the basis that Charterers have given orders to issue the bills for Baranquilla. Owners are not required to switch the bills in circumstances where Charterers have issued more than one set for the same cargo.

15. The Vessel cannot enter Baranquilla due to draft restrictions and Owners have exercised their right to refuse to sail to Santa Marta on the grounds that they are contractually required to deliver the cargo at Baranquilla, and are not required to switch the bills at the request/demand of Charterers.

///

16. In a circumstance where Charterers have unlawfully issued more than one set of bills of lading, Owners are liable under both issued bills of lading in the first instance. Furthermore, the fact that one set of bills were claused and the second set issued clean renders the Owners liable for damages with no defense against cargo receivers' claims(s).

17. The value of the cargo is estimated at USD 10,925,461, of which approximately USD 6.8 million is subject to the clean/claused bill issue.

18. Charterers are in breach of the charter party by 1) unlawfully issuing two (2) sets of bills for the same cargo, and 2) issuing claused bills but presenting clean bills to Owners.

19. The loss that Owners will suffer is estimated to be nearly the full value of the cargo and no less than USD 10,000,000, because there are two (2) sets of bills for the same cargo and two (2) receivers will emerge demanding delivery. Further, there will be an inevitable liability for cargo damage because of the clean vs claused bill issue. All of which is recoverable under English law as a result of Defendant's breach of a maritime contract.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

20. Poseidon restates and re-alleges paragraphs 1 – 19 in the above foregoing Verified Complaint.

21. Plaintiff's claim against Defendant for breach of charter party is a maritime claim. This is an ancillary proceeding to secure jurisdiction and security over Defendant.

22. Interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of Hong Kong arbitration. It is standard for interest to be awarded to the prevailing party in the amount of 4.5% to 5.5%, compounded quarterly.

23. Poseidon expects to recover the following amounts in arbitration from Defendant:

| | | | |
|---|---|---|---|
| A. | Breach of Charter Party: | | $10,000,000 |
| | Estimated Interest for Principal Claim: | | |
| | $100,000.00 | | |
| C. | Estimated Arbitration Costs: | | |
| | $150,000.00 | | |
| D. | Estimated Solicitor and Counsel Fees: | | $250,000.00 |
| | TOTAL: | | $10,500,000 |

24. Poseidon's total claim for breach of the charter party, plus applicable interest, costs, and fees in the aggregate estimated to be no less than **$10,500,000.00**.

25. Defendant is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See Attorney Declaration of Bradley M. Rose attached hereto as Exhibit 2*.

26. The Defendant does have within the District tangible or intangible personal property, which is subject to attachment, and in the hands of parties who may be named garnishees in the process of maritime attachment and garnishment. Aris has assets in the form of property in a bank account maintained at East West Bank, located within this District. *A copy of the Defendant's bank account information[1] is attached hereto as Exhibit 3*.

27. Prior payments by Aris to Poseidon have been remitted by Aris from its U.S. dollar bank account(s) at East West Bank located within the District. *Id*.

---

[1] Consistent with the Federal and Local Rules, the financial institution bank account number information is redacted on the publicly filed cm/ECF exhibit. Should the Court wish to review an unredacted copy for *in camera* review, Plaintiff would be pleased to provide a copy of same.

28. East West Bank is a corporation found within the District with an address of 9300 Flair Drive, 4th Floor, El Monte, California, 91731 and subject to service of process as a garnishee in this matter.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant and said Defendant be cited to appear and answer the allegations of this Verified Complaint;

B. That if Defendant cannot be found within this district, then all of their respective tangible or intangible property within this District, including physical property, or any property in which Defendant have an interest, debts, credits, or effects including but not limited to: bank accounts, checks, documents of title, shares of stock or other financial instruments, and any other funds, collateral or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant in the hands or control of persons named as garnishees in the Process of Maritime Attachment and Garnishment, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C. That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, that judgment be entered against the Defendant in the sum of $10,500,000 and the proceeds of the assets attached be applied in satisfaction thereof;

/ / /

/ / /

/ / /

/ / /

/ / /

D. That the Court grant Plaintiff such other and further relief as it deems just, equitable, and proper.

August 5, 2021

Respectfully submitted,
**KAYE, ROSE & PARTNERS, LLP**

By: s/ *Bradley M. Rose*
    Bradley M. Rose
    *Attorneys for Plaintiff*
    *Poseidon Global Shipping Pte Ltd*